In the United States District Court
District of South Carolina
Spartanburg Division

| | |
|---|---|
| David Sandau, | ) ) ) ) ) **Complaint** |
| Plaintiff, | ) |
| v. | ) 7:18-cv-01008-DCC |
| | ) |
| | ) **(Jury Trial Demanded)** |
| Wofford College, | ) |
| Defendant. | ) |

Plaintiff, through his attorney, would respectfully show as follows:

1. Plaintiff worked for Wofford College's football program from mid-2017 through February, 2018.

2. Defendant listed Plaintiff title on the football team coaching staff page as "offensive quality control."



1

3.  Defendant's current head football coach informed Plaintiff of his intention to place Plaintiff on the payroll as a coach to entice Plaintiff to remain and perform unpaid work.

4.  Wofford College is a private college located in Spartanburg, South Carolina and is not a public employer under the Fair Labor Standards Act ("FLSA).

5.  Plaintiff regularly worked hours in excess of forty (40) in a work week.

6.  Defendant paid Plaintiff no wages or salary for the work he performed.

7.  Plaintiff was not a student at the time he performed the services.

8.  Plaintiff did not provide services to satisfy public service, religious, or humanitarian objectives.

9.  The work performed by Plaintiff was not part of any educational program or course of study offered by Defendant in which Plaintiff was enrolled.

10. The work Plaintiff performed was primarily for the benefit of Defendant or individuals employed by Defendant.  This includes both duties normally assigned to paid coaches, as well as personal errands for staff.

11. At one point, Plaintiff was activated as a "coach" for NCAA compliance purposes, performed recruiting functions, but still received no compensation for services provided.

12. Defendant did not provide educational/training to Plaintiff as part of his service to Defendant.

13. Defendants' violations of the FLSA have been willful.

## Count I
## For a First Cause of Action
## FLSA
## Minimum Wage

14. Plaintiff incorporates by reference the averments of the foregoing paragraphs as if set forth here in full.

15. Throughout Plaintiff's employment, Defendants violated Section 6(a) of the FLSA, 29 USC § 206(a), by failing to pay wages at the minimum rate required for all hours Defendant suffered or permitted Plaintiff to work.

16. Defendant's violations were willful.

WHEREFORE, Plaintiff requests all relief provided for under the law including wages owed, liquidated damages, attorney fees, costs, expenses, prejudgment and post-judgment interest and all other relief available pursuant to 29 U.S.C. § 216(b).

## Count II
## For a Second Cause of Action
## FLSA
## Overtime

17. Plaintiff incorporates by reference the foregoing allegations as if set forth here in full.

18. Defendant failed to pay Plaintiff overtime as required by Section 7(a) of the FLSA, 29 U.S.C. § 207(a).

19. Plaintiff consents to this action and to being a plaintiff.

WHEREFORE, Plaintiff respectfully entry of judgment in an amount to be determined at trial as to amounts owed under Section 7(a) to include all unpaid overtime wages, liquidated damages, attorney fees and pre-judgment interest, and any other relief provided for under the Act.

**Jury Demand**

Plaintiff requests a trial by jury on all claims and defenses in this action.

Respectfully submitted this 13th day of April, 2018.

                                                    __s/ Brian P. Murphy_____
                                                    Brian P. Murphy, Bar No. 6405
                                                    Attorney for Plaintiff

Stephenson & Murphy, LLC
207 Whitsett Street
Greenville, SC 29601
Phone: (864) 370-9400
Fax:   (864) 240-9292